J-S38015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KRISTI ANN FREDERICKS | : | |
| | : | |
| Appellant | : | No. 135 EDA 2024 |

Appeal from the PCRA Order Entered December 1, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0001984-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KRISTI ANN FREDERICKS | : | |
| | : | |
| Appellant | : | No. 136 EDA 2024 |

Appeal from the PCRA Order Entered December 1, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002349-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KRISTI ANN FREDERICKS | : | |
| | : | |
| Appellant | : | No. 137 EDA 2024 |

Appeal from the PCRA Order Entered December 1, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0003155-2017

J-S38015-24

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 30, 2025**

Appellant, Kristi Ann Fredericks, appeals from the December 1, 2023 order of the Court of Common Pleas of Chester County, which denied her petition for collateral relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The underlying facts are not in dispute.  Briefly, Appellant was formerly a licensed attorney in the Commonwealth of Pennsylvania and the State of New Jersey.  On June 30, 2017, "after an investigation revealed that she had defrauded several clients between October 2013 and June 2016, and engaged in the unauthorized practice of law after she had been disbarred in Pennsylvania," she was charged with 38 offenses across three dockets. ***Commonwealth v. Fredericks***, 2020 WL 7353813 at *1 (Pa. Super. filed Dec. 15, 2020) (unpublished memorandum).  Appellant was found guilty by a jury and sentenced to an aggregate term of 137 to 420 months of incarceration, followed by two years of probation.

This Court affirmed the convictions, but vacated the judgments of sentence and remanded for resentencing because the trial court failed to specify whether Appellant was eligible for the recidivism risk reduction initiative ("RRRI").  ***See id.*** at *10.  On July 23, 2021, Appellant was resentenced in compliance with this Court's directive.  Appellant did not file a direct appeal.

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

On July 18, 2022, Appellant filed a timely counseled PCRA petition. She did not raise any specific claims in the petition. Rather, she requested leave to amend the petition within 180 days. An amended petition was never filed. Thereafter, the Commonwealth filed an answer at the PCRA court's direction. On September 29, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss Appellant's PCRA petition finding that the petition failed to raise any claims for review.

After an extension of time, Appellant filed a response to the Rule 907 notice on November 18, 2022. In it, she requested leave to file an amended PCRA petition, which she attached as an exhibit. On March 20, 2023, the PCRA court granted Appellant leave to amend her PCRA and directed that the amended petition be filed within 30 days of the date of the order, *i.e.* April 19, 2023. **See** Order, 3/20/23. Appellant filed her amended PCRA petition on May 12, 2023 – 23 days beyond the PCRA court's deadline.

On December 1, 2023, the PCRA court dismissed Appellant's amended PCRA petition. The PCRA court determined that the amended PCRA petition was untimely because it was filed beyond the date stated in the order granting leave to amend in accordance with Pa.R.Crim.P. 905(D). As such, the PCRA court did not consider any claims raised in Appellant's amended PCRA petition. Since there were no specific claims raised in the original PCRA petition, the PCRA court denied relief. This appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises a sole issue for our review:

Did the PCRA Court err by dismissing [Appellant's] Amended PCRA Petition because a duplicative petition was not filed within the timeframe set forth in the retroactive order that granted the filing of the Amended Petition in the first instance?

Appellant's Brief, at 2. Stated differently, Appellant contends that the PCRA court erred when it failed to consider the issues raised in her amended petition even though it was filed outside the timeframe set by the PCRA court. Appellant's Brief, at 8.

In reviewing a PCRA court's decision,

Our standard of review . . . requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted). The PCRA court determined Appellant's amended petition was untimely under with Rule 905(D), which states: "All amended petitions shall be in writing . . . and **shall be filed and served within the time specified by the judge in ordering the amendment**." Pa.R.Crim.P. 905(D) (emphasis added). Appellant argues that the PCRA court "wrongly construed Pa.R.Cr[im].P. 905 as a jurisdictional statute rather than a procedural rule." Appellant's Brief, at 9. Additionally, she argues that the PCRA court implicitly accepted the filing of her proposed amended PCRA petition that was attached as an exhibit to her Rule 907 response. *Id.* at 7-8.

- 4 -

"The proper interpretation of a rule of criminal procedure is a question of law, for which the standard of review is *de novo* and the scope of review is plenary." ***Commonwealth v. Lopez***, 280 A.3d 887, 894 (Pa. 2022). We are guided by the following principles:

> To the extent practicable, we construe the rules of criminal procedure in consonance with the rules of statutory construction. Under the rules of statutory construction, the object of any rule interpretation is to ascertain and effectuate the intention of [our Supreme Court]. The plain language of a [rule] is the best indicator of such intent. In construing the language, . . . and giving it effect, we should not interpret [the rule's] words in isolation, but must read them with reference to the context in which they appear. [W]e may consult the explanatory comment of the committee which worked on the rule in determining the proper construction and application thereof. Moreover, a rule must be construed, so far as possible, to be consistent with other provisions *in pari materia* with it, that is, provisions relating to the same persons or things or the same class of persons or things.

***Id.*** at 896-97 (citations and quotation marks omitted).

Applying these principles of construction, we hold that the plain language of Rule 905(D) is clear and explicit. It requires an amended PCRA petition to be filed within the time proscribed by the PCRA court. Further, the clear and explicit language under Rule 905(B) provides the amended petition may be dismissed if not filed as directed by the court. Rule 905 provides in its entirety:

> (A)    The judge may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment shall be freely allowed to achieve substantial justice.
>
> (B)    When a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the

defects, and specify the time within which an amended petition shall be filed. If the order directing amendment is not complied with, the petition may be dismissed without a hearing.

(C) Upon entry of an order directing an amendment, the clerk of courts shall serve a copy of the order on the defendant, the defendant's attorney, and the attorney for the Commonwealth.

(D) All amended petitions shall be in writing, shall comply substantially with Rule 902, and shall be filed and served within the time specified by the judge in ordering the amendment.

Pa.R.Crim.P. 905.

Our contextual reading of Rule 905(D) also is bolstered by **Commonwealth v. Padden**, 783 A.2d 299 (Pa. Super. 2001). There, the PCRA court granted the appellant leave to file an amended petition by a specified date, and the appellant did so. **Id.** at 304. The Commonwealth argued that the amended PCRA petition was untimely. **Id.** at 306. We analyzed the PCRA timing requirements set forth in 42 Pa.C.S.A. § 9545(b), as well as Rule 905, and held that the appellant's amended petition was timely. **Id.** at 307-08. In so holding, we noted that the appellant's initial PCRA petition was timely filed, and since the amended petition was filed *within the time set by the PCRA court*, it was also timely; therefore, this Court could address the merits of the claims contained in the amended petition. **Id.** at 308-09.

Here, Appellant was granted leave to amend her petition yet failed to file the amended petition within the time set by the PCRA court. The PCRA

court properly determined the amended petition was untimely pursuant to Rule 905(D), dismissed the amended petition under 905(B), and did not address the claims therein.  The PCRA court's findings are supported by the record.  The March 20, 2023, order clearly only granted Appellant leave to amend her PCRA petition if done within 30 days.  It did not in any manner indicate that it would accept the amended petition attached as an exhibit to the request as the filing.  Thus, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/30/2025